# IN RE: MARRIAGE OF POMERANC
## Case No. CI 86-11273
Ninth Judicial Circuit, Orange County
March 28, 1988

### APPEARANCES OF COUNSEL

**Seymour Benson** for wife.

**Gerry L. Clark** for husband.

### OPINION OF THE COURT

R. JAMES STROKER, Circuit Judge.

#### *FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE*

THIS CAUSE having come on to be heard on the 14th day of March, 1988, and the Court having received evidence from the parties and a corroborating witness as to the residency of the Wife, and the Court reviewing the evidence, and receiving testimony from two certified public accountants, the Court finds that this is a long term marriage and the parties basically maintained the classical role of husband and wife, and the Husband suggesting that there is a partnership between himself and Harry Blum as to certain mortgages and that

if there was not a partnership, that there was a resulting trust and the Husband also suggesting that there was a special equity, the Court finds that there is insufficient evidence to support a partnership, a resulting trust, or a special equity in any property. During the court of the litigation, the Husband was not candid as to the disclosure of all of the assets owned by the parties, whether individually or jointly and the Court will retain and reserve jurisdiction for further discovery as to the property ownership by the Husband and the Court finding that it has jurisdiction of the subject matter and of the parties and that the parties have acquired substantial marital assets which are subject to equitable distribution and the Court finding that there may be tax consequences from the pay off of the mortgages of $470,00, the Court finds the known marital assets are as follows:

*BONDS:*

| | |
|---|---|
| Florida Housing Fin Agy<br>    Single Family Mtg RV<br>    Ser 84A CAP Apprc.<br>    Yld 11.504% SPL Rdmpt<br>    1/1/16 DTD 11/20/84 | $,7,000.00 |
| Florida State PL TN CTC Serv J.<br>int. 5.7% due 7-1-00 (100,000<br>shares see 7/87 statement) | 87,000.00 |
| Broward Co. Fla.j<br>int. 10.25% Home Mtg RV due<br>10-1-16 (325,000 shares see 9/87<br>statement) | 20,000.00 |
| Jacksonville Fla Elec Auth<br>int. 10.125% due 10-1-20 | 100,000.00 |
| ECL Industrials Inc.<br>int. 11.25% due 11-15-94 | 0,000.00 |
| Dade County Florida, due 10-1-98 | 8,000.00 |
| Lee County, Florida, due 9-1-09 | 45,000.00 |
| Palm Beach Florida, due 9-1-12 | 35,000.00 |
| Miami Parking Facility, due 10-1-09 | 100,000.00 |
| Dade County Florida, due 9-01-90 | 50,000.00 |

*MORTGAGES:*

| | |
|---|---|
| Collana Mortgage (2) | 115,000.00 |
| Dinowitz Mortgage | 70,000.00 |

| | |
|---|---|
| Walter Judge | 1,641,000.00 |
| AJF Leasing | 410,000.00 |

STOCKS:

| | |
|---|---|
| Zapata Corp. | 3,120.00 |
| Services Resource Corp. | Unpriced |
| Microdyne Corp. | 3,000.00 |
| Equity Oil Co. | 9,000.00 |
| Southern Corp. | 8,717.00 |
| Occidental Petroleum | 5,320.00 |
| A WTS Service Resources Corp. exp. 11-25-90 | Unpriced |
| B WTS Service Resources Corp. exp. 11-25-89 | Unpriced |
| C WTS Service Resources Corp. exp. 11-25-89 | Unpriced |

OTHER ASSETS:

| | |
|---|---|
| PruCo Life Discovery Life | 115,000.00 |
| Account of Buffalo Lead and Solder Company | 370,092.00 |
| Money Market Account of Harry Blum | 9,842.00 |
| Arizona Property | 70,000.00 |
| Westinghouse Pension ($203 × 13.9) | *28,217.00* |
| TOTAL | 3,329,308.00 |

The potential tax liability is $470,000.

And therefore, it is hereby

ORDERED and ADJUDGED

1. This Court has jurisdiction of the subject matter and of the parties.

2. The marriage between the Husband, HARRY POMERANC, and the Wife, MIRIAM POMERANC, is dissolved because it is irretrievably broken.

3. The Husband shall be responsible for the payment of all tax liabilities incurred by the Husband and the Wife separately or jointly,

52

and the Husband shall pay all tax liabilities as they come due, as well as indemnifying, holding harmless and protecting and defending the Wife from any liability or claims as to any U. S. Income Taxes or any other state, local or municipal taxes that may be attributable to the earnings from assets, sale of property, or assets owned as referred to in this order up to $470,000.

4. As an equitable distribution, the Wife is hereby awarded the following mortgages as her total and complete property, and the Husband shall have no interest in the following:

(a) AJF Leasing Corporation mortgage, $410,000, (Exhibit "A");

(b) Both Collana mortgages, $115,000 (Exhibits "B" and "C");

(c) One-half of the Walter Judge mortgage, which includes income and principal, $800,000 (Exhibit "C").

(d) Cash deposited in Buffalo Lead and Solder Company, $185,000.

5. The Wife shall be entitled to the income from the mortgages awarded to her commencing April 1, 1988, and the Husband shall cooperate to assist the Wife in obtaining the receipt of the payments from the mortgagors. Further, the Husband shall not interfere with the Wife receiving the income or the property awarded in any way. The Wife shall receive the full mortgage payment, deposit the receipt of the payment and then shall distribute one-half of that which is received to the Husband within ten days after receipt.

6. As an equitable distribution, the Husband is awarded the following mortgages as his total and complete property, and the wife shall have no interest in the following:

(a) Dinowitz mortgage, $70,000 (Exhibit "D");

(b) One-half of the Walter Judge mortgage, which incomes income and principal, $800,000 (Exhibit "C");

(c) Securities consisting of

(1) Zapata Corporation, $3,120,

(2) Services Resource Corp., Unpriced,

(3) Microdyne Corp., $3,000,

(4) Equity Oil Co., $9,000,

(5) Southern Corp., $8,717,

(6) Occidental Petroleum, $5,320,

(7) A WTS Service Resources Corp., exp. 11-25-90, Unpriced,

(8) B WTS Service Resources Corp., exp. 11-25-89, Unpriced,

(9) C WTS Service Resources Corp., exp. 11-25-89, Unpriced,

(d) Bonds consisting of

| | |
|---|---:|
| Florida Housing Fin Agy<br>Single Family Mtg RV<br>Ser 84A CAP Apprc. Yld<br>11.504% SPL Rdmpt 1/1/16 DTD<br>11/20/84 | 7,000.00 |
| Florida State PL TN CTC Serv J.<br>int. 5.7% due 7-1-00 (100,000<br>shares see 7/87 statement) | 87,000.00 |
| Broward Co. Fla.<br>int. 10.25% Home Mtg RV due 10-1-16<br>(325,000 shares see 9/87 statement) | 20,000.00 |
| Jacksonville Fla. Elec Auth<br>int. 10.125% due 10-1-20 | 100,000.00 |
| ECL Industrials Inc.<br>int. 11.25% due 11-15-94 | 10,000.00 |
| Dade County Florida, due 10-1-98 | 8,000.00 |
| Lee County Florida, due 9-1-09 | 45,000.00 |
| Palm Beach Florida, due 9-1-12 | 35,000.00 |
| Miami Parking Facility due 10-1-09 | 100,000.00 |
| Dade County Florida, due 9-01-90 | 50,000.00 |

(e) Other assets consisting of:

| | |
|---|---:|
| PruCo Life Discovery Life<br>and policy (statement 10/87) | 115,000.00 |
| Cash deposited in Buffalo Lead<br>and Solder Company | 185,000.00 |
| Money Market Account of Harry Blum<br>(husband's property in Blum's name) | 9,842.00 |
| Arizona Property | 70,000.00 |
| Westinghouse Pension<br>($203 × 13.9) | 28,217.00 |

(f) Tax liability to be paid
by husband 470,000.00

7. The Husband shall pay over to the Wife the sum of $185,000, as well as executing any and all documents that are necessary and required to transfer his interest in the properties or interest in the

properties awarded to the Wife within seven (7) days from the date of this Order.

8. Neither party is awarded any alimony.

9. The Husband's request for a special equity fails for a lack of proof as does the Husband's request to establish a partnership with Harry Blum or a resulting trust for the benefit of Harry Blum.

10. The Court hereby retains and reserves jurisdiction for further property distribution for a period of six (6) months from the date of the Final Judgment of Dissolution of Marriage, and the Wife shall be permitted to proceed with further discovery to determine whether or not there is any other property for distribution.

11. The Court hereby retains and reserves jurisdiction for the purpose of awarding the Wife costs and attorney fees.

DONE and ORDERED in Chambers in Orlando, Orange County, Florida this 28th day of March, 1988.

### JUDGMENT RELATED TO ATTORNEY FEES

THIS CAUSE having come on to be heard on the 28th day of March, 1988, and the Court receiving testimony as to attorney fees from counsel from the Wife and two expert witnesses, the Court finds that the hours expended are a reasonable amount of hours to be expended in this cause and an hourly rate of $180 per hour for the services of Seymour Benson, Esquire, is a reasonable hourly rate and that the Florida Supreme Court case of *Florida Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985) can and does apply to dissolution proceedings and should apply in this instance to this cause as does The Florida Bar Rule 4-1.51, entitled, "Fees for Legal Services". Certain assets were disclosed by the Husband, however, the Wife located additional assets because of the extraordinary persistence of counsel for the Wife to overcome the Husband's recalcitrance and refusal to disclose all of the assets and because of the results obtained by the Wife, the Court finds that a fee on an hourly basis of $35,607.60 is a reasonable fee and that it is appropriate to apply an enhancer in accordance with *Rowe*, supra, and a multiple of 2 is reasonable because of the unlikelihood of success by the Wife, and that a reasonable fee is $71,215.20, and therefore, it is hereby

ORDERED and ADJUDGED

1. The Husband, HARRY POMERANC, shall pay attorney fees on behalf of the Wife to Seymour Benson, Esquire, in the amount of $71,215.20, within sixty (60) days from the date of this Order.

55

DONE and ORDERED in Chambers in Orlando, Orange County, Florida, this 29th day of March, 1988.